# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

## CASE NO:

DAVID ULERY, individually and
on behalf of all others similarly situated,

    Plaintiff,

    v.

MARKET MY BUSINESS TODAY INC.,

    Defendant.
_____/

## CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID ULERY (hereinafter "Plaintiff"), brings this class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against Defendant, MARKET MY BUSINESS TODAY INC., ("MMBT" and/or "Defendant"), for its violations of the Telephone Consumer Protection Act, 47 U.S.C. 227 (hereinafter "the TCPA"), and the regulations promulgated thereunder. In support, Plaintiff alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in negligently or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. In the course of promoting and selling its business, Defendant and/or its agents placed thousands of nonconsensual automated or prerecorded calls to consumers' cell phones nationwide using an automatic telephone dialing system in violation of the TCPA.

3. Plaintiff and each Class Member received unwanted robo-calls and/or pre-recorded robo-calls from Defendant without proper regard to the TCPA, the Do-Not-Call Rules, and in disregard for individual privacy. Plaintiff and Class Members' phone numbers were registered with the National Do-Not-Call Registry. This lawsuit challenges all calls that were placed by Defendant to Plaintiff and Class Members from approximately November 2018, through the date of preliminary approval of class certification

4. "Month after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the [FCC]."[1] The TCPA is designed to protect consumer privacy by, among other things, prohibiting the making of autodialed or prerecorded-voice calls to cell phone numbers and failing to institute appropriate do-not-call procedures. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(d).

5. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

6. Additionally, the FCC has explicitly stated that the TCPA's prohibition on automatic telephone dialing systems "encompasses both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls." U.S.C.A. Const. Amend. 5; Telephone

---

[1]  *In re Rules & Regs. Implementing the TCPA*, 30 FCC Rcd. 7961, ¶ 1 (2015).

2

Consumer Protection Act of 1991, § 3(a), 47 U.S.C. § 227(b)(1)(A)(iii). *Kramer v. Autobytel, Inc.,* 759 F. Supp. 2d 1165 (N.D. Cal. 2010).

7. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

8. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

## JURISDICTION AND VENUE

9. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

10. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District, including Defendant's transmission of the unlawful and unwanted robo-calls to Plaintiff which emanated from this District.

11. Plaintiff resides in Colorado Springs, Colorado, where the subject robo-calls were received, within the jurisdiction of this Honorable Court.

12. The Court has personal jurisdiction over Defendant because it conducts business in this state, markets its services within this state, and has availed itself to the jurisdiction of this state by placing calls to Plaintiff and Class Members from this state.

**PARTIES**

13. Plaintiff's domicile is in Colorado Springs, Colorado.

14. Defendant, MMBT, is a Michigan corporation and citizen of the state of Michigan, listing its principal address at 6499 N Silvery Lane, Dearborn Heights, MI 48127. MMBT lists its registered agent as Saada Berry, at 6499 N Silvery Lane, Dearborn Heights, MI 48127.

15. MMBT operates a marketing company that specializes in marketing for businesses and small business owners, including offering SEO and Social Media advertising services. MMBT promotes and markets its services throughout the country, including during the relevant time period, by sending unsolicited pre-recorded phone call advertisements to wireless telephone users in violation of the TPCA.

16. Defendant, directly, individually, jointly, and/or in concert with another, or through other persons, entities or agents acting on their behalf, conspired to, agreed to, contributed to, authorized, assisted with, ratified, and/or otherwise caused all of the wrongful acts and omissions, including the dissemination of the unsolicited robo-calls that are the subject matter of this Complaint.

**FACTUAL ALLEGATIONS**

17. At all times relevant, Plaintiff, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

18. Defendant is authorized to engage in business in the State of Colorado, and at all times mentioned herein was a corporation and "person," as defined by 47 U.S.C. § 153(39).

19. MMBT engages in the marketing, promotion, and sale, of marketing services to businesses and consumers across the country.

20. MMBT, through either its own employees, sales agents, vendors, and/or contractors promote MMBT's services through the use of unlawful telemarketing campaigns.

21. To increase the sales volume and profits of their services, MMBT and/or their sales agents, vendors, and/or contractors, repeatedly called thousands of consumers using a prerecorded and/or artificial voice in violation of the TCPA.

22. Plaintiff knows the calls were prerecorded and/or used an artificial voice because the nature of the voice was clearly from a recording and after the recorded voice ended the calls were then transferred to a live person.

23. The prerecorded robocalls sounded the same and had the same or substantially similar message.

24. The calls all involved an initial pre-recorded voice that directs the call recipient to "dial 1 to be transferred to a live agent."

25. MMBT called Plaintiff's cellular telephone ending in "7000" with pre-recorded messages at least 2 times on July 6, 2022.

26. MMBT called Plaintiff from the spoofed numbers 719-294-8652 and 719-294-8969.

27. Plaintiff's telephone number ending in 7000 has been registered on the national Do-Not-Call Registry since February 6th, 2008

28. Upon information and belief, Defendant contacted Plaintiff on Plaintiff's cellular telephone regarding an unsolicited service via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).

29. Upon information and belief, this ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

30. Upon information and belief, this ATDS has the capacity to store numbers and to dial numbers without human intervention.

31. Upon information and belief, Defendant used a combination of hardware and software systems which have the capacity to generate or store random or sequential numbers or to dial sequentially or randomly in an automated fashion without human intervention.

32. Defendants utilized the ATDS to send the subject phone calls *en masse* to Plaintiff and Class Members using an autodial function regardless of whether these individuals had provided express written consent or had registered their phone numbers on the National Do Not Call Registry.

33. Based upon information and belief, most call recipients were sent more than one call, and Defendants lack an adequate system for preventing autodialed or prerecorded-voice calls to phones for which they do not have consent.

34. The content of the phone calls (pre-recorded message that asks you to dial 1 to speak to a live agent) further demonstrates that Defendant used an ATDS and pre-recorded calls to make the subject phone calls.

35. The phone calls constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

36. Plaintiff did not provide MMBT or its agents prior express consent to receive phone calls, including unsolicited text messages, to his cellular telephone, pursuant to 47 U.S.C.

37. The calls made to Plaintiff and the Class Members were for the purpose of marketing, advertising, and promoting Defendants' business and services to Plaintiff.

38. Defendant is and was aware, or should have known through the exercise of reasonable diligence, that it was placing unsolicited calls to Plaintiff and other consumers without their prior consent. Upon information and belief, Defendant has previously received consumer complaints regarding the same unlawful conduct alleged in this Complaint.

39. Plaintiff was damaged by Defendant's calls. In addition to using Plaintiff's cellular data, phone storage, and battery life, his privacy was wrongfully invaded, his seclusion was intruded upon, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted, harassing, time consuming, and nuisance phone calls, forcing his to divert attention away from his personal time and homelife, and causing disruption to his work, sleep, and other activities. Not only did the receipt of the phone calls distract and take time away from Plaintiff's personal activities, but Plaintiff was also forced to spend time investigating the calls. *See Muransky v. Godiva Chocolatier, Inc.,* 905 F.3d 1200, 1211 (11th Cir. 2018). ("[T]ime wasting is an injury in fact".... "[A] small injury… is enough for standing purposes");*See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls)

40. To investigate the companies responsible for the unwanted, illegal and unauthorized calls to Plaintiff's personal cell phone, Plaintiff wasted time speaking with Defendant's representatives and agents and conduced independent research. But for Plaintiff's efforts, Defendant's identity would continue to be concealed.

41. Plaintiff had no relationship with Defendant prior to these illegal phone calls and had his numbers registered to the National Do Not Call Registry at least 30 days prior to receiving these illegal calls.

## CLASS ACTION ALLEGATIONS

42. Plaintiff brings this class action under Rule 23(a),(b)(2), and(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and of a similarly situated "Class" or "Class Members" defined as:

> **Robocall Class:** All persons in the United States who, within the four (4) years prior to the filing of the original Complaint received a call from Defendant or anyone on Defendants' behalf, to said person's cellular telephone number, advertising Defendant's products or services, using a similar dialing system used to call Plaintiff, without the recipients' prior express written consent, in violation of the TCPA.
>
> **Do Not Call Registry Class:** All people in the United States who from four years prior to the filing of this action (1) were called by or on behalf of Defendants; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendants' products and services; and (5) for whom Defendants' claim (a) they did not obtain prior express written consent, or (b) they obtained prior express written consent in the same manner as Defendants claim they supposedly obtained prior express written consent to call the Plaintiff.
>
> **Pre Recorded Call Class:** All persons in the United States who within the four (4) years prior to the filing of the original Complaint received a call from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number, advertising Defendant's products or services, using an artificial or prerecorded voice, without the recipients' prior consent.

43. Excluded from the Class are Defendant, and any subsidiary or affiliate of Defendant, and the directors, officers and employees of Defendant or their subsidiaries or affiliates, and members of the federal judiciary.

44. This action has been brought and may properly be maintained as a class action against Defendant pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-

defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

45. **Numerosity**: At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conduct consisted of standardized SPAM campaign calls placed to cellular telephone numbers, Plaintiff believes, at a minimum, there are greater than forty (40) Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

46. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's calls and personnel records.

47. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

48. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law and/or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal and/or factual questions include, but are not limited to, the following:

a. Whether, during the class period Defendant or their agents called (other than a phone call made for emergency purposes or made with the prior consent of the called party) to a Class ember using any automatic dialing to any telephone number assigned to a cellular phone service;

b. Whether, during the class period Defendant or their agents called (other than a phone call made for emergency purposes or made with the prior consent of the called party) to a Class member using a prerecorded message or artificial voice.

c. Whether Plaintiff and Class Members registered a phone number on the National Do Not Call Registry;

d. Whether Defendant had "prior express consent" under the TCPA to call the cell phone numbers of Plaintiff Class Members;

e. Whether Defendant had the "consent" of Plaintiff and the other ATDA Class members to play a prerecorded message placed by an autodialer within the meaning of the statute;

f. Whether Defendant instituted procedures for maintaining a list of persons who request not to receive telemarketing calls that met the standards set forth in 47 C.F.R. § 64.1200(d);

g. How Defendant obtained the numbers of Plaintiff and Class members;

h. Whether the dialing system used to place the phone calls is an Automatic Telephone Dialing System;

i. Whether Defendant engaged in telemarketing when it placed the calls which are the subject of this lawsuit;

j. Whether the phone calls placed to Plaintiff and Class Members violate the TCPA and its regulations;

k. Whether Defendant willfully or knowingly violated the TCPA or the rules prescribed under it;

      l. Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendant's acts and conduct;

      m. Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct; and

      n. Whether Plaintiff and the Class are entitled to any other relief.

49. One or more questions or issues of law and/or fact regarding Defendant's liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

50. **Typicality**: Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

51. Plaintiff and members of each Class each received at least phone call, advertising Defendant's business, which Defendant placed or caused to be placed to Plaintiff and the members of the Class.

52. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class action litigation.

53. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members

of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Class. The likelihood of the individual members of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

54. **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendant has acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole. Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendant's ongoing violations of the TCPA, and to order Defendant to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted texts.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227(b)
**(On Behalf of Plaintiff and the Robocall Class)**

55. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 54 of this Complaint as though fully stated herein.

56. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system. . .to any telephone number assigned to a . . . cellular telephone service . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

57. Automatic telephone dialing system refers to "equipment which has the capacity---(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

58. Defendant – or third parties directed or authorized by Defendant – used equipment having the capacity to randomly or sequentially generate telephone numbers and to dial such numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined above.

59. Defendant – or third parties directed by Defendant – used an artificial or prerecorded voice to deliver messages to Plaintiff and other Class Members without prior consent.

60. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the cellular phones of Plaintiff and the other members of the putative Class when its calls were made.

61. Defendant has, therefore, violated Sec. 227(b)(1)(A)(iii) of the TCPA by using an automatic telephone dialing system to make non-emergency telephone calls to the cellular phones of Plaintiff and the other members of the putative Class without their prior express written consent.

62. Furthermore, it is a violation of the TCPA "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior consent of the called party, unless the call is initiated for emergency purposes. . . ." 47 U.S.C. 227(b)(1)(B); 47 C.F.R. § 64.1200(a)(3).

63. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

64. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

65. At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

66. Defendant knew that it did not have prior express consent to make these calls, and knew or should have known that its conduct was a violation of the TCPA.

67. Because Defendant knew or should have known that Plaintiff and Class Members did not give prior express consent to receive autodialed calls, the Court should treble the amount of statutory damages available to Plaintiff and members of the Putative Class pursuant to section 227(b)(3)(C) of the TCPA.

68. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

69. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. §227
## (On Behalf of Plaintiff and the Do Not Call Registry Class)

70. Plaintiff incorporates by reference all of the allegations contained in paragraphs 1 through 54 of this Complaint as though fully stated herein.

64. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

65. Plaintiff's telephone number ending in 7000 has been registered on the national Do-Not-Call Registry since February 6th, 2008.

66. 47 C.F.R. § 64.1200(e), provides that 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

67. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity

15

has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

68. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

69. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do No Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

70. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

71. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members relief against Defendant, as set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and in favor of the class, against Defendant for:

a. An order certifying this case as a class action, certifying Plaintiff as representative of the Class, and designating Plaintiff's attorneys Class counsel;

b. Statutory damages of $500 per text in violation of the TCPA;

c. Willful damages at $1,500 per text in violation of the TCPA;

d. Statutory damages of $500 per call in violation of the DNC provisions of the TCPA;

e. Willful damages at $1,500 per call in violation of the DNC provisions of the TCPA

f. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A)(iii);

g. An injunction prohibiting Defendant's from using an automatic telephone dialing system to text numbers assigned to cellular telephones without the prior express written consent of the called party;

h. An injunction prohibiting Defendant's from calling any individual whose number appears on the National Do Not Call Registry;

i. Reasonable attorney's fees and costs; and

j. Such further and other relief as this Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

**Dated: January 6, 2023**                                        Respectfully Submitted,

| | |
|---|---|
| **EGGNATZ \| PASCUCCI** | **JORDAN RICHARDS, PLLC** |
| 7450 Griffin Road, Suite 230 | 1800 Southeast 10th Ave., Suite 205 |
| Davie, Florida 33314 | Fort Lauderdale, Florida 33316 |

<table>
<tr><td>

Tel: (954) 889-3359
*Counsel for Plaintiff*

By: */s/ Joshua H. Eggnatz*
JOSHUA H. EGGNATZ, ESQUIRE
Florida Bar No. 0067926
MICHAEL PASCUCCI, ESQUIRE
Florida Bar No. 83397
*jeggnatz@justiceearned.com*
*mpascucci@justiceearned.com*

</td><td>

Tel: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

</td></tr>
</table>

18